IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Keyla Elaine Derrick, | ) | |
| | ) | Civil Action No. 9:17-0323-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Keyla Elaine Derrick ("Derrick"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 17).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Derrick filed objections to the Report (ECF No. 18), and the Commissioner filed a response to those objections (ECF No. 20). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

Derrick applied for SSI on April 12, 2013, and for DIB on April 15, 2013, alleging disability beginning on February 11, 2013. (ECF No. 17 at 1).[2] Derrick's application was denied initially and on reconsideration. *Id*. On October 14, 2015, an Administrative Law Judge ("ALJ") heard testimony from Derrick and a vocational expert. *Id*. On October 30, 2015, the ALJ issued a decision denying Derrick's claim. *Id*. at 1-2.

In his decision, the ALJ found that Derrick suffered from the following severe impairments: degenerative disk disease with cervical, thoracic, and lumbar scoliosis; anemia; and chronic venous insufficiency with varicose veins. *Id*. at 12. The ALJ found that, despite Derrick's limitations, jobs existed in significant numbers in the national economy that he could perform. *Id*. Derrick sought review of her case by the Appeals Council. On December 2, 2016, the Appeals Council denied Derrick's request for review, making the ALJ's decision the final decision of the Commissioner. (ECF No. 10-2 at 2-7). The present action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake

---

[2] There have been no objections made regarding the procedural history as stated in the Report.

to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

In her objections, Derrick contends that the magistrate judge erred by finding that substantial evidence supported (1) the ALJ's evaluation of the medical opinion evidence, (2) the ALJ's residual functioning capacity ("RFC") findings, and (3) the ALJ's analysis of Derrick's credibility.

## I.

First, Derrick argues that the ALJ erred by improperly discounting the opinion of Lindsay Hammett, a family nurse practitioner ("FNP"). (ECF No. 18 at 1). She argues that the ALJ did not analyze Hammett's opinion pursuant to Social Security Ruling ("SSR") 06-03p, that the opinion was more than an administrative finding, and that other notes from the record should support the opinion in question. *Id*. Derrick reiterates largely the same argument that was presented to and addressed by the magistrate judge, asserting that the magistrate judge failed to adequately address the argument. (ECF Nos. 14 at 17-20, 17 at 13–17, and 18 at 1-4). However, objections to the magistrate judge's Report are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate to this Court particular errors in the magistrate

judge's reasoning. *See* 42 U.S.C. § 405(g); *Craig*, 76 F.3d at 589; *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." (citation omitted)). The court agrees with the magistrate judge's assessment.

Both parties acknowledge that at the time that Derrick's claim was filed and at the time of the ALJ's decision, FNPs were not "acceptable medical sources."[3] (ECF Nos. 14 at 18 and 15 at 12). SSR 06–03p, 2006 WL 2329939 (Aug. 9, 2006) addresses the significance of the distinction between "acceptable medical sources" and "other sources" as follows:

> The distinction between "acceptable medical sources" and other health care providers who are not "acceptable medical sources" is necessary for three reasons. First, we need evidence from "acceptable medical sources" to establish the existence of a medically determinable impairment. *See* 20 [C.F.R. §§] 404.1513(a) and 416.913(a). Second, only "acceptable medical sources" can give us medical opinions. *See* 20 [C.F.R. §§] 404.1527(a)(2) and 416.927(a)(2). Third, only "acceptable medical sources" can be considered treating sources, as defined in 20 [C.F.R. §§] 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight. *See* 20 [C.F.R. §§] 404.1527(d) and 416.927(d).

SSR 06–03p, 2006 WL 2329939, at *2. Medical sources who are not "acceptable medical sources" may provide opinions reflecting "the source's judgment about some of the same issues addressed in medical opinions from 'acceptable medical sources,' including symptoms, diagnosis and prognosis, and what the individual can still do despite the impairment(s), and physical or mental

---

[3] As the magistrate judge noted, the Social Security Regulations ("SSR") have been amended effective March 27, 2017, and under the new regulations, an advanced practice registered nurse or other licensed advanced practice nurse with another title is now considered an acceptable medical source for claims filed after that date. *See* 20 C.F.R. §§ 404.1502(a), 416.902(a) (2017). However, Derrick's claim was filed well before this date, and the ALJ's decision was issued over a year prior to the change. Aside from a footnote that acknowledges the current regulations, (ECF No. 18 at 1), Derrick makes no argument and provides no authority for the proposition that the new regulations should apply to her claim. Accordingly, the amended regulation does not apply in this instance and references in the Report and in this Order are to the regulations that were in effect at the time of the ALJ's decision. (ECF No. 17 at 14).

4

restrictions." *Id*. "The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case." *Id*. "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case." *Id.* "Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination . . . the adjudicator generally should explain the weight given to opinions from these "other sources," [sufficiently to] allow[ ] a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06–03p, 2006 WL 2329939, at *6.

The inquiry before the court is not whether the ALJ should have given greater weight to the opinion of FNP Hammett, but rather whether the weight given to her opinion by the ALJ is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Craig*, 76 F.3d at 589 (stating that the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]").

As discussed at length by the magistrate judge, the "decision reflects that the ALJ here considered FNP Hammett's opinion, but determined that it was entitled to little weight and did not support a finding of disability in this case." (ECF No. 17 at 14). The ALJ explained that he gave FNP Hammett's opinion little weight because (1) it was only a check-box questionnaire with no supporting data, (2) because she was not an "acceptable medical source," (3) because her statement regarding Derrick's ability to work was an administrative finding and not a medical opinion, and (4) because it was not supported by the record as a whole, "including [Derrick's] largely intact strength, normal sensation and stable gait." (ECF No. 10-2 at 41-42). Accordingly, the court

5

agrees with the magistrate judge that the ALJ's treatment of Hammett's opinion is supported by substantial evidence and Plaintiff's objection lacks merit.

**II.**

Second, Derrick repeats her argument from her brief that the ALJ failed to properly consider the evidence in assessing Derrick's RFC. She further alleges that the magistrate judge failed to adequately address her allegation that the ALJ selectively chose evidence to support his own findings and ignored evidence that supported Derrick's subjective reports. (ECF No. 18 at 5).

The magistrate judge addressed Derrick's argument and found that the ALJ properly evaluated Derrick's RFC by including in his decision a narrative discussion of the medical and nonmedical evidence leading to his conclusion that Plaintiff had the RFC to perform a limited range of sedentary work. (ECF No. 17 at 17). The record indicates the ALJ did not cherry-pick evidence to support his conclusion, rather, he weighed both positive and negative findings in the medical record, discussing doctor examinations and records spanning from 2013 to 2015. He also considered additional evidence such as Derrick's daily activities, the testimony of Derrick's mother, and environmental limitations in order to conclude that Derrick retained the ability to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except she would need to alternate to sitting for 30 minutes after every 30 minutes of standing. (ECF No. 10-2 at 37-41). He found that Derrick could frequently operate foot control bilaterally; occasionally climb ramps and stairs; never climb ladders and scaffolds; occasionally balance, stoop, kneel, crouch and crawl; must avoid unprotected heights, moving mechanical parts and extreme cold temperatures; and is limited to performing simple, routine tasks. *Id*.

Derrick fails to demonstrate that the ALJ's analysis was insufficient. The ALJ's decision

is supported by substantial evidence. Specifically, Derrick alleges that the ALJ neglected to address Dr. Roberts' notation that Derrick was shifting in her chair during an examination;[4] the record from Carolina Heart and Vascular Center; and Dr. Sloan's comment at a May 11, 2015 appointment that Derrick should elevate her legs. (ECF No. 18 at 5). The fact that certain excerpts from the record were not specifically mentioned does not cause the ALJ's analysis to be deficient. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (stating that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"). Rather, an ALJ "need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." *Jackson v. Astrue,* C.A. No. 8:08–cv–2855, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (quoting *Fischer v. Barnhart*, 129 Fed. App'x 297, 303 (7th Cir. 2005)). "The touchstone for determining what evidence must be addressed is whether the evidence is so material that failing to address it would prevent the court from determining if the ALJ's decision was supported by substantial evidence." *Woodbury v. Colvin*, C.A. No. 9:15-CV-2635-DCN, 2016 WL 5539525, at *3 (D.S.C. Sept. 30, 2016). *See also Bowen Transp. Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285–86 (1974) (stating "[w]hile [the court] may not supply a reasoned basis for the agency's action that the agency itself has not given, . . . [the court] will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."). While not specifically mentioning Dr. Roberts' note that Derrick "moves through office with normal movement, but is constantly shifting in chair to move pressure on her back [and also demonstrates] Normal movement of all extremities," (ECF No. 10-2 at 412) and the Carolina Heart and Vascular Center record regarding Derrick's lower extremity varicose veins, (ECF No. 10-2 at 386-87, 539), the ALJ actually gave Derrick a more restrictive RFC than state agency physicians recommended,

---

[4] Dr. Roberts saw Derrick primarily relating to her complaints of chronic back pain. (ECF No. 10-2 at 410-419).

both of whom opined that Plaintiff could perform a greater level of light work—stating that the evidence suggested "greater exertional limitations given the cumulative effect of her *chronic back pain*, *lower extremity swelling* and anemia," (ECF No. 10-2 at 41) (emphasis added).

It is sufficiently apparent in this case that by examining the medical record and analyzing the record as a whole, explicitly referencing the treatment records of Dr. Sloan, (ECF No. 10-2 at 41), and Dr. Roberts, *id.* at 40, the ALJ considered the complete opinions of Drs. Roberts and Sloan along with the rest of the medical reports to conclude that the record supports the RFC he assigned to Derrick.

However, even if the ALJ should have explicitly mentioned Dr. Sloan's note in his discussion, failure to do so was, at most, harmless error.

> While the general rule is that "an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained," *SEC v. Chenery Corp.,* 318 U.S. 80, 95 (1943), reversal is not required when the alleged error "clearly had no bearing on the procedure used or the substance of the decision reached," *Massachusetts Trs. of E. Gas & Fuel Associates v. United States,* 377 U.S. 235, 248 (1964). *Accord In re Watts,* 354 F.3d 1362, 1370 (Fed. Cir. 2004) (stating that the *Chenery* principle "does not obviate the need to consider the issue of harmless error"); *Nazaraghaie v. INS,* 102 F.3d 460, 465 (10th Cir. 1996) (concluding that the BIA's alleged failure to consider certain evidence was harmless error since "the result in this case would be no different"); *Sahara Coal Co. v. Office of Workers' Comp. Programs,* 946 F.2d 554, 558 (7th Cir. 1991) (noting that "harmless-error doctrine is available in judicial review of administrative action; it is an exception to the *Chenery* principle").

*Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004). As the magistrate judge noted, while Dr. Sloan recommended on May 11, 2015, that Derrick elevate her lower extremities when sitting, this recommendation was mentioned only on that occasion and in follow up visits the following month, Dr. Sloan noted that Plaintiff had "no swelling," and made no further or continuing recommendation for elevation of Derrick's legs. (ECF No. 17 at 19). The magistrate judge further noted that neither FNP Hammett nor Dr. Pennington, the Carolina Heart and Vascular Center

8

vascular specialist who treated Derrick for varicose veins, instructed Derrick to elevate her legs.

The court finds that the ALJ properly explained the type of work a person with Derrick's symptoms could sustain and supported the explanation with substantial evidence. Accordingly, the ALJ's conclusion was supported by substantial evidence and the failure to mention Dr. Sloan's specific statement was, at most, harmless error. *See Craig*, 76 F.3d at 589 (4th Cir. 1996) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). Derrick's objection is, therefore, without merit.

### III.

Third, Derrick argues that the ALJ failed to properly support how Derrick's subjective reports were inconsistent with medical records. The court finds that Derrick's argument regarding the ALJ's assessment of her credibility repeats the arguments from her brief and is essentially an invitation to the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. *See Johnson*, 434 F.3d at 653 (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984). Again, the question for the court is whether the ALJ's analysis of Derrick's credibility was supported by substantial evidence.

Objective evidence supporting a claimant's subjective allegations is not required. *Lewis v. Berryhill*, 858 F.3d 858, 865-66 (4th Cir. 2017). However, an ALJ may give a claimant's subjective statements less weight if objective evidence conflicts with such statements. *See* SSR

96-7p, 1996 WL 374186, at *1; *Craig v. Chater*, 76 F.3d 589, 590 (4th Cir. 1996) ("Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment.").

As the magistrate judge stated, the ALJ gave specific reasons, detailed in the magistrate judge's Report, which are supported by the record, for finding that Derrick's subjective complaints were not fully credible. For example, the ALJ found that the severity of limitations depicted in Derrick's testimony were contradicted by the record which reflected that Derrick required only conservative treatment for her impairments. (ECF No. 10-2 at 41). He stated that although Derrick claimed that she had severe problems with walking, on examination, she generally had normal gait and did not require the use of an assistive device pursuant to SSR 96-9p. *Id.* at 40-41. There is no medical documentation that Plaintiff medically required a hand-held assistive device, despite her testimony that she needed a cane or wheelchair when walking. *Id.* at 41, 70-71. Further, he stated, "Even if a wheelchair was prescribed, the claimant used no assistive device in her most recent medical records or during the hearing." *Id.* at 41. He noted that while Derrick testified to fatigue and weakness from the medications, she denied any adverse side-effects during a May 2015 appointment. *Id.* at 40-41. Derrick's medical records reflected that she remained active around the house as recent as May 2015. *Id.* at 40. While Derrick testified that her physician did not update that portion of her medical record and that she was not as active as the record depicted, the ALJ found that, regardless, the objective evidence reflected consistently good motor strength, a steady gait, and intact sensation. *Id.* at 40. Further, he noted that at the hearing, she admitted that she had a driver's license and drove "occasionally." *Id.* at 41. Accordingly, the ALJ's assessment

was supported by substantial evidence and the court declines Derrick's invitation to reweigh the evidence.

## CONCLUSION

Having conducted the required de novo review of the issues to which Derrick has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the Magistrate Judge in his Report, and finds that the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 17) and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 17, 2018